IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:12-CR-0386-01-DGK |
| KENNETH RAY BORDERS, | ) | |
| Defendant. | ) | |

## ORDER DENYING IN PART DEFENDANT BORDERS' MOTION IN LIMINE

Pending before the Court is Defendant Kenneth Ray Borders' Motion In Limine (Doc. 110) to prohibit the Government from (1) offering evidence associated with overt act 7, and (2) limiting the scope of testimony relating to Department of Transportation ("DOT") stops and infractions. The Court denies the motion for the following reasons.

**I.     Defendant's admission that he previously stole a 1998 Waller Trucking Company 53-foot Trailmobile trailer, VIN 1PT01JAH7W6005586, is admissible.**

Overt act 7 alleges that, "on or about between February 1, 2002, and May 7, 2002, defendant Kenneth Ray Borders transported motor vehicle products stolen in interstate commerce and valued at $27,583 in a 1998 Waller Trucking Company 53-foot Trailmobile trailer, VIN 1PT01JAH7W6005586." In 2003, Borders pled guilty by agreement in the Western District of Missouri to one count of theft of motor vehicle products from an interstate shipment of freight. In the "Relevant Offense Conduct" section of the plea agreement, Borders admitted to stealing the 1998 Waller Trucking Company 53-foot Trailmobile trailer described above. *See United States v. Borders*, No. 4:03-02-CR-HFS, at *2 (W.D. Mo. Feb. 14, 2003). The Government proposes to introduce this portion of the plea agreement against Borders in the pending trial as an admission by a party opponent, or alternately, as 404(b) evidence.

The Government cites three Eight Circuit cases[1] in which courts admitted testimony obtained in a state criminal conviction in a subsequent federal criminal trial under Rule 801(d)(2) as an admission by a party opponent. Borders contends the three cases cited by the Government are distinguishable because the prior admissions in those cases stemmed from state court prosecutions, but Borders' 2003 conviction was prosecuted by the United States Attorney's Office for the Western District of Missouri, the same office that is now prosecuting him for conspiracy.

Additionally, Borders argues the statements in his previous plea agreement should be excluded under Rule 403 because they are substantially more prejudicial than probative. Borders cites *United States v. Martinez*, 555 F.2d 1273, 1276 (5th Cir. 1977), as authority. In *Martinez* the Fifth Circuit held the trial court erred by admitting for impeachment purposes the defendant's state court conviction for aiding and abetting in a subsequent federal prosecution for conspiracy based on the same transaction because this evidence was more prejudicial than probative. However, the Eighth Circuit distinguished *Martinez* in *United States v. Riley*, noting that the use of a prior conviction for impeachment purposes "differs materially from the use of an admission by the defendant." *United States v. Riley*, 684 F.2d 542, 545 (8th Cir. 1982) (holding defendant's prior state guilty plea was admissible under both Rule 404(b) and Rule 801(d)(2)). Thus, the Court finds the statements' probative value are not substantially outweighed by a danger of unfair prejudice.

Alternately, Borders contends the case should be excluded under *United States v. Williams*, 104 F.3d 213 (8th Cir. 1997), one of the cases cited by the Government, because the

---

[1] *United States v. Holmes*, 794 F.2d 345, 349 (8th Cir. 1986) (admitting prior plea of guilty to state charge of theft by receipt of stolen property as an admission by a party opponent under 801(d)(1) in a subsequent collateral federal case); *see also United States v. Williams*, 104 F.3d 213, 216 (8th Cir. 1997) (affirming admission of state court guilty plea, but noting double jeopardy barred two federal prosecutions); *United States v. Riley*, 684 F.2d 542, 545 (8th Cir. 1982) (holding defendant's prior state guilty plea was admissible under both Rule 404(b) and Rule 801(d)(2)).

previous plea agreement that the Government is seeking to use was not procured by a separate and independent body, that is, a state court prosecutor acting independently of the federal prosecutor. In *Williams*, the Eighth Circuit observed that in order for a plea agreement to be admissible in a subsequent proceeding, the plea must be voluntary. A plea is not voluntary unless the defendant is "fully aware of the direct consequences of his plea." 104 F.3d at 216. The court also noted that use of a plea obtained in a state criminal proceeding "in a subsequent federal proceeding is not a direct consequence." *Id.* However, the Eighth Circuit acknowledged that a previous plea used in a subsequent federal proceeding might be involuntary "if the state prosecutors 'actively hid' knowledge of the federal prosecution, or 'colluded with federal officials,'" planning to use the statements in a subsequent trial. *Id.* at 217 (quoting *United States v. Long*, 852 F.2d 975, 979 (7th Cir. 1988).

Although the present case case involves evidence obtained during a plea in a federal proceeding by the same prosecutor's office that is now seeking to use this information in a subsequent federal proceeding, there is no evidence that the previous plea agreement was made with the knowledge or expectation that it would be used against Borders in a subsequent criminal case. Borders pled guilty in the previous case a decade *before* the grand jury indicted him in the present case. And although the Assistant United States Attorney ("AUSA") who prosecuted the 2002 case still works for the U.S. Attorney's office, she now works in a different division, and there is no evidence that the two AUSAs who have prosecuted the pending case have any connection to the 2002 case. Consequently, the Court finds it was not a "direct consequence" of Borders plea in the 2002 case that the admissions he made would be used against him in a subsequent case, this his plea was voluntary under *Williams*.

Finally, Borders acknowledges that in *United States v. Felix*, the Supreme Court held that "prosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the

3

Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause." 503 U.S. 378, 380-81 (1992). Thus there are no double jeopardy concerns here.

Accordingly, the Court holds Borders' admission that in 2002 he stole a 1998 Waller Trucking Company 53-foot Trailmobile trailer, VIN 1PT01JAH7W6005586, is admissible as an admission by a party opponent. Fed. R. Evid. 801(d)(2).

Alternately, the Court holds the evidence is admissible under Rule 404(b). Rule 404(b) provides in relevant part that "evidence of a crime, wrong, or other act . . . may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404. To be admissible under Rule 404(b), evidence "must be (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in its prejudicial effect; and (4) similar in kind and close in time to the crime charged." *United States v. Vieth*, 397 F.3d 615, 617-18 (8th Cir. 2005); *see also* Fed. R. Evid. 403. The proposed evidence is: (1) relevant to Borders' alleged plan, intent, and participation in the alleged conspiracy, namely his need to acquire new trailers without paying for them; (2) easily proved by a preponderance of the evidence; (3) more probative than unfairly prejudicial since it is highly probative of the charged crimes; and (4) similar in kind and close in time to the crime charged since the crime is allegedly an overt act which occurred during the conspiracy.

II. **Evidence of specific DOT safety violations is admissible, within limits.**

Borders also argues that evidence of traffic stops resulting in DOT safety regulations violations, as in overt act 91, should be limited. Borders contends these infractions are irrelevant to the conspiracy and will only inflame and confuse the jury.

Similar to the above, the Court finds evidence of specific DOT safety violations is admissible under Rule 404(b) because it is: (1) relevant to Borders' alleged plan and participation in the alleged conspiracy, as well as relevant to show that the safety violations were not the result of mistakes or record keeping accident, but part and parcel of the alleged scheme; (2) can be proved by a preponderance of the evidence; (3) more probative than unfairly prejudicial, because the risk of unfair prejudice is relatively low; and (4) similar in kind and close in time since the violations occurred during the conspiracy.

The exception to the above is overt act 34, which involves safety violations allegedly "resulting in a motor vehicle accident causing the death of passenger LMC." Depending on how the Government presents evidence concerning the death of passenger LMC during trial, the probative value of this evidence might be outweighed by the risk of unfair prejudice, and the Court might limit it. For example, graphic photographs or testimony dwelling on LMC's death will likely not be permitted. The Court reserves ruling on the scope of the admissibility of this evidence until trial.

**IT IS SO ORDERED.**

Date:  February 13, 2014        /s/ Greg Kays
                                                            GREG KAYS, JUDGE
                                                            UNITED STATES DISTRICT COURT