IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CR-0386-01-DGK |
| | ) | |
| KENNETH RAY BORDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART GOVERNMENT'S MOTION IN LIMINE

Pending before the Court is the Government's "Motion In Limine Requesting that Defendants Be: (A) Prohibited from Using Unresolved Charges to Impeach; and (B) Limited in Cross-Examination Regarding Prior Convictions" (Doc. 168). The Government seeks to: (1) preclude Defendants from questioning cooperating witness Jaccard Fears about matters related to his pending criminal charges in Johnson County, Kansas; and (2) limit the scope of cross-examination of Government witnesses who have a prior conviction.

With respect to the latter request, the Court rules that defense counsel shall limit their cross-examination of the Government's cooperating witnesses with prior criminal convictions to the following: (1) the charge; (2) the range of punishment; (3) the sentence imposed; and (4) the fact that the witness hopes to receive a lesser sentence by cooperating.

With respect to Mr. Fears testimony, the Court notes that Rule 608(b) provides that during cross-examination the court may allow inquiry into specific instances of a witness's conduct if the conduct is probative of the witness's character for truthfulness. Fed. R. Evid. 608(b). Two of the three charges pending against Mr. Fears in Johnson County, Kansas, relate to his character for truthfulness, namely the charges for identity theft (count II) and altering/defacing an engine VIN (count III), a crime analogous to forgery or altering a check.

The Court also notes that the probative value of this cross-examination is increased by the proximity in time of this alleged conduct and the potential importance of Mr. Fears' testimony. Joseph W. Cotchett, Federal Courtroom Evidence § 608 14-15 (5th ed. 2013). Accordingly, the Court holds Rule 608(b) allows a limited inquiry into these subjects.

However, the Court is also mindful that Mr. Fears has pled not guilty to these charges. Accordingly, the Court holds Defendants may ask Mr. Fears a single question on this topic, something along the lines of "Isn't it true that you have been charged in Johnson County, Kansas, with one count of identity theft and one count of altering/defacing an engine VIN, and those charges have not yet been resolved?" Before asking this question, Defendants shall approach the Court out of the jury's hearing and receive approval for the specific wording of the question they intend to ask. Defendants will not be permitted to question Mr. Fears about the specific facts in the underlying criminal case, or ask him if he committed the various elements of these crimes.

Finally, with respect to the impact of the pending Johnson County, Kansas, case on his motivation to testify, Defendants may only ask Mr. Fears if he is testifying in the hope of receiving leniency in the Johnson County case.

Accordingly, the Government's motion in limine (Doc. 168) is GRANTED IN PART.

**IT IS SO ORDERED.**

Date: February 18, 2014 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT