**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CR-0386-02-DGK |
| | ) | |
| JON DICKERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT JON DICKERSON'S MOTION FOR ACQUITTAL
AND MOTION TO VACATE JUDGMENT, OR IN THE ALTERNATIVE,
MOTION FOR NEW TRIAL**

Pending before the Court are Defendant Jon Dickerson's "Rule 29 Motion for Acquittal" (Doc. 224), "Rule 33 Motion to Vacate Judgment or in the Alternative Motion for New Trial" (Doc. 225), and amended Rule 33 motion (Doc. 226). For the following reasons, the motions are DENIED.

**I.      The Court denies Defendant's request for judgment of acquittal.**

Defendant contends the Court should enter a judgment of acquittal because the Government failed to prove his guilt beyond a reasonable doubt on each of the counts he was found guilty, namely Counts 1, 15, 18, 20, and 25. Defendant does not make any specific arguments with respect to any particular element of these offenses, he contends the Government generally failed to carry its burden of proof.

Federal Rule of Criminal Procedure 29(c) provides that a defendant may move for judgment of acquittal within fourteen days after the jury has returned its guilty verdict or the court has discharged the jury, whichever is later. In evaluating the sufficiency of the evidence, courts view the evidence in the light most favorable to the conviction, including drawing all

reasonable inferences from the evidence in the Government's favor. *United States v. Ihmoud*, 454 F.3d 887, 890 (8th Cir. 2006). A court "reverses only if the jury must have had a reasonable doubt about an essential element of the crime." *Id.* (internal citation omitted). Courts possess "very limited latitude" in making this determination, *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004), and are not permitted to assess the witnesses' credibility or to weigh the evidence. *United States v. Pruneda*, 518 F.3d 597, 605 (8th Cir. 2008). If the evidence could support either a finding of guilt or innocence, the court must deny the motion. *Ortega v. United States*, 270 F.3d 540, 544 (8th Cir. 2001). The fact that the evidence is capable of two plausible interpretations does not render the jury's finding of guilt unreasonable. *See United States v. Olbres*, 61 F.3d 967, 970 (1st Cir. 1995).

The Court holds Defendant's motion is timely filed but lacks merit. Viewing the evidence in the light most favorable to the conviction, including drawing all reasonable inferences in the Government's favor, the Government established Defendant's guilt beyond a reasonable doubt.

With respect to Count 1, the evidence at trial demonstrated that Jon Dickerson ("Dickerson") conspired with others to steal trucks, trailers, fuel, license plates, and fuel tax stickers, and then created false registration and insurance documents to mask the stolen vehicles true owners. He also operated his numerous trucking companies as "chameleon carriers," abandoning each after it accumulated too many out-of-service orders and fines. Dickerson was defendant Kenneth Borders' "customer" for stolen vehicles, and he had Borders steal vehicles to provide him with a supply of replacement parts for his trucks. For example, if an engine failed on one of Dickerson's trucks, he would have Borders steal a truck with a similar engine to

replace it. This evidence, as well as the evidence discussed below, proved the Conspiracy claim in Count 1 beyond a reasonable doubt.

Turning to Count 15, the evidence showed that in 2009, Borders rented part of a lot from T&E Tires on Stillwell Avenue in Kansas City, Missouri, but the rent invoices were directed to the Nightline Trucking & Repair, a company Dickerson co-owned with his son and fellow conspirator. At this lot, the police recovered a trailer registered to Jon Dickerson's company D&T Trucking, and the trailer contained stolen coffeemakers referenced in Count 15.

With respect to counts 18 and 20, the evidence showed Dickersons rented part of a lot on Browning Road in Lee's Summit, Missouri. The rent checks for this lot came from the Dickersons' company Nightline Trucking. The lot was fenced and had a locked gate. Only the landlord and the Dickersons had a key, and only the Dickersons parked commercial trucks and trailers there. When police officers executed a search warrant there in March 2011, they recovered three stolen trailers, one of which is the subject of Count 20; one stolen truck; and one trailer containing stolen Little Sizzler sausages. The stolen sausages relate to Count 18. One of the stolen trailers was marked "D&T," and the trailer with the stolen Little Sizzler sausages had "Dirk" written on the corner.

With respect to Count 25, the theft of a truck used to steal Nike shoes from a facility in Junction City, Kansas, the evidence was that at the Dickersons' Browning Road lot, the police recovered the stolen 2000 Freightliner truck that had been used in Borders' theft of Nike shoes from Junction City. This truck had a strip missing from its front grill, and photographs from a video surveillance camera on the Junction City lot and a toll both in Topeka show that the truck used to steal the shoes had an identical strip missing from the grill on front. Finally, when the police executed a search warrant at Defendant Verdie Carr's home in March 2011, police

recovered the stolen Nike shoes, stolen Little Sizzler sausages, and documents linked to Night Line Trucking. Carr was a truck driver for the Dickersons' Night Line Trucking.

Consequently, the evidence supports the jury's finding that Dickerson was guilty beyond a reasonable doubt on Counts 1, 15, 18, 20, and 25.

## II. The Court denies Defendant's request to vacate the judgment or order a new trial.

In relevant part, Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." A district court must exercise its authority under Rule 33 "sparingly and with caution." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009). The Eighth Circuit has cautioned that in order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *Id.*, at 856-57.

In support of his motion, Defendant incorporates by reference his objections and arguments raised in his pretrial motions and those made during trial. He also argues the motion should be granted because: (1) the Court erred in failing to grant a mistrial following the comments made by a juror in an elevator; (2) the evidence adduced from the Department of Transportation expert, Daniel Meyer, was irrelevant, inflammatory, and prejudicial, and so should have been excluded; (3) the Court abused its discretion in limiting the cross-examination of cooperating witnesses John Strauss and Jaccard Fears; (4) the Court erred by not allowing Defendant to use the out of court statement of Christopher Turner; (5) the Government failed to establish constructive possession to prove knowledge and control, and thus convict Defendant, on Counts 15, 18, 20, and 25; and (6) Agent David Colegrove's initial notes from his March 31, 2011, interview with Defendant should have been disclosed in the pre-trial discovery.

With respect to Defendant's incorporating previous objections and arguments by reference, after reviewing its previous rulings and trial notes, the Court reaffirms its previous rulings and holds Defendant has failed to establish that a new trial would be in the interest of justice.

With respect to the specific arguments made above, the Court holds as follows.

**A.      The Court properly denied Defendant's motion for a mistrial.**

First, the Court did not err in failing to grant a mistrial in the wake of the juror's comments in the elevator. Whether alleged juror misconduct is prejudicial to the defendant's right to a fair trial is largely left to the discretion of a trial court. *Little v. United States*, 331 F.2d 287, 295 (8th Cir. 1964). Here, one juror admitted that as he was leaving the courthouse he said something in an elevator to the effect that "they [the Defendants] are guilty of something," and that there might have been other jurors in the elevator who heard this comment. The second juror denied making or hearing any statement prejudging the guilt or innocence of the defendants. Out of an abundance of caution, the court replaced both jurors with alternates, and then asked the remaining jurors if they had heard any such comments from the dismissed jurors or made any decisions yet about guilt or innocence. The remaining jurors answered that they had not and that they would be fair and impartial.

Under the circumstances, nothing suggests the court should have investigated the matter further or have taken different action.

**B.      Dan Meyer's testimony was relevant and not unfairly prejudicial.**

Next, Defendant argues the Court erred by not excluding evidence presented by Dan Meyer of the Department of Transportation relating to Dickerson's history of regulatory violations and enforcement actions. As discussed in the Court's previous order (Doc. 171), the

Court reaffirms that evidence of Dickerson's specific DOT regulatory violations and enforcement actions was admissible under Rule 404(b) because it: (1) was relevant to Dickerson's alleged participation in the alleged conspiracy, as well as relevant to show that his safety violations were not the result of mistakes or faulty record-keeping, but part and parcel of the alleged scheme; (2) was proven by a preponderance of the evidence; (3) was more probative than unfairly prejudicial; and (4) was similar in kind and close in time to the crimes alleged here since the violations occurred during the conspiracy.

Accordingly, there was no error here.

## C. The Court did not err in limiting the cross-examinations of cooperating witnesses.

Defendant contends the Court improperly limited his cross-examination of cooperating witnesses John Strauss by prohibiting him from inquiring into the specifics of his prior convictions and prohibiting him from inquiring into the specifics of pending charges in Johnson County, Kansas, against Jaccard Fears.

There was no error here. "While a witness may be impeached by inquiring into his prior convictions, we have previously limited the scope of such examination to avoid possible confusion resulting from the trial of collateral issues, and also to avoid unfairness to the witness." *United States v. Baldenegro-Valdez,* 703 F.3d 1117, 1122 (8th Cir. 2013). The concern is that allowing cross-examination beyond that will lead to "a mini-trial on irrelevant collateral matters and risked confusing the jury." *Id.* Consistent with this holding, the Eighth Circuit in *Baldenegro-Valdez* limited the defendant's cross-examination to:

> the fact of his two convictions, the statutory range of punishments; the minimum and maximum punishment he faced; the fact that he had a plea agreement with the government; the fact that he hoped to receive a lesser sentence by cooperating with the government; and the fact that he could receive a sentence

> under the statutory minimum if the government filed the requisite
> motion.

*Id.* The Eighth Circuit held this scope of inquiry afforded defendants an adequate opportunity to impeach the witness. *Id.*

The Court also did not err in limiting Defendants' cross-examinations of cooperating witness Jaccard Fears with respect to his pending theft charges. "The long-standing rule in this circuit has been that the credibility of a witness may not be impeached by showing that he has been accused of, charged with, or arrested for a crime which has not culminated in a conviction." *United States v. Kirk*, 496 F.2d 947, 949 (8th Cir. 1974). "'This rule is based upon a clear recognition of the fact that the probative value of such evidence is so overwhelmingly outweighed by its inevitable tendency to inflame or prejudice the jury.'" *Saunders-El v. Wencewicz*, 987 F.2d 483, 485 (8th Cir. 1993) (quoting *United States v. Ling*, 581 F.2d 1118, 1121 (4th Cir. 1978)). "The general rule in this circuit prohibits impeachment of a witness's credibility absent a *conviction.*" *United States v. Qualls*, 500 F.2d 1238, 1240 (8th Cir. 1974) (quoting *United States v. Burch*, 490 F.2d at 1302) (emphasis in original).

Cross-examination of his pending charges was also not permissible as impeachment with "specific instances of conduct" under Fed. R. Evid. 608(b). Impeachment under Rule 608(b) is limited to evidence that is probative of the witness's character for truthfulness, Fed. R. Evid. 608(b), and a theft charge is not probative of witness's character for truthfulness.

Consequently, there was no error here.

### D.  The Court properly excluded Christopher Turner's out-of-court-statement.

Next, Defendant contends the Court erred in denying his "Motion and Suggestions to Allow Admission of Statements of Christopher Turner to Sgt. Daniel Graves" filed during the trial. Turner, a coconspirator, told Sgt. Graves that Defendant's son, Defendant Dirk Dickerson,

was not involved and had no knowledge of the theft of the Nike shoes, and that Dirk Dickerson was not in a partnership with Defendant Kenneth Borders.

The Court reaffirms its trial ruling that these statements were not admissible. These statements are hearsay which do not fall under any exception to the hearsay rule. They do not fall under the exception for co-conspirator statements, Fed. R. Evid. 801(d)(2)(E), because they were not made in furtherance of the conspiracy. They are not admissible under the residual exception to the hearsay rule, Rule 807, either because Defendant has not demonstrated that the statements have a guarantee of trustworthiness. Finally, they do not qualify as a present sense impression under Rule 803(1) because the statements were not made contemporaneously with a particular event, nor do they qualify as a business record under Rule 803(6) because Turner's statement is not a business record kept by the police department.

**E.** **The Government met its burden of proof regarding Defendant's knowledge.**

Defendant also argues the Government failed to establish constructive possession to prove his knowledge and control of the stolen items on Counts 15, 18, 20, and 25, because the case against him was "circumstantial" in nature. As the Court instructed the jury, however, the law makes no distinction between direct and circumstantial evidence.

Summarized above, the evidence in this case was sufficient to show that Defendant had the requisite knowledge and control to be found guilty on each of the above counts, and the jury did not err in unanimously finding Defendant guilty beyond a reasonable doubt on these Counts.

**F.** **Defendant has not demonstrated a discovery violation.**

Finally, Defendant claims that the original notes taken by Agent David Colegrove during his interview with Defendant should have been disclosed to him during discovery. The Government responds it was not required to produce this evidence during discovery. It also

observes that it is common knowledge that agents take handwritten notes during an interview, and then use those notes to write a report which is then produced in discovery. And at no time prior to Agent Colegrove's cross-examination did Defendant request the originals or raise any concerns about them.

There is no *Brady* violation here because, as Defendant acknowledges, without evidence that anything was excluded from the final report, he cannot demonstrate prejudice.

The Eighth Circuit has also held that an investigator's handwritten notes taken during a witness interview is not a "statement" under the Jencks Act, 18 U.S.C. § 5000, which must be turned over in discovery. *See United States v. Wright*, 540 F.3d 833, 841-42 (8th Cir. 2008). Although the Eighth Circuit has observed that "the more prudent and expeditious route would" be for the Government to provide the handwritten notes, a district court's failure to order the Government to do so is not error. *United States v. Grunewald*, 987 F.2d 531, 535 (8th Cir. 1993) (holding the Government did not have to provide an IRS agent's handwritten interview notes).

Absent some evidence that something exculpatory in the handwritten notes was excluded from the final report turned over to Defendant, there is no discovery violation.

Accordingly, for the reasons discussed above, Defendant's motions are DENIED.

**IT IS SO ORDERED.**

Date:   June 20, 2014                         /s/ Greg Kays
                                              GREG KAYS, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT